LINDA MILLER SAVITT, SBN 94164
lsavitt@brgslaw.com
JONATHAN S. ROSENBERG, SBN 134099
jrosenberg@brgslaw.com
BALLARD ROSENBERG GOLPER & SAVITT,  LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436
Telephone:   (818) 508-3700
Facsimile:    (818) 506-4827

Attorneys for Defendant CENTENE
CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHELLE RAMNARINE, an individual, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MAGGIE ANDERSEN** |
| vs. | |
| CENTENE CORPORATION, a Delaware corporation; and DOES 1 through 10, inclusive, | [Los Angeles Superior Court Case No. BC700074] |
| Defendants. | |

Defendant CENTENE CORPORATION ("Defendant") states as follows:

1.     On March 29, 2018, Plaintiff MICHELLE RAMNARINE ("Plaintiff") filed her Complaint in the above-entitled civil action in the Superior Court for the State of California, County of Los Angeles, Case No. BC700074, which is presently pending against Defendant ("Superior Court Action").

2.     Defendant was served with the Superior Court Action on March 30, 2018, when its agent for service of process received a copy of the Summons and Complaint. True and correct copies of the Summons and Complaint are attached as **Exhibit "A"**.

/ / /

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

3.     Defendant filed its Answer to the Superior Court Action on April 25, 2018.  A true and correct copy of the Answer filed by Defendant in the Superior Court Action is attached as **Exhibit "B"**.

4.     Defendant is informed and believes that none of the purported Doe Defendants have been served with the Summons and Complaint.

5.     The Summons and Complaint by Plaintiff (**Exhibit "A"**), and the Answer filed by Defendant (**Exhibit "B"**) constitute all of the process, pleadings and orders which Defendant has knowledge of being filed in the Superior Court Action.

6.     Plaintiff's Superior Court Action is a civil action over which this District Court has original subject matter jurisdiction under 28 U.S.C. § 1441(b) based upon complete diversity of citizenship and an amount in controversy between the parties exceeding the sum of $75,000, exclusive of interest and costs. The action may properly be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because:

a.     At the time of the commencement of this action and at all times since, Defendant was, and continues to be, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in St. Louis, Missouri.  St. Louis, Missouri is where Defendant's corporate headquarters are located, where Defendant's corporate officers direct, control and coordinate the corporation's activities, and where Defendant's corporate records are maintained. Defendant is a citizen of the States of Delaware and Missouri under 28 U.S.C. § 1332(c), and is not a citizen of the State of California. (Andersen Declaration, ¶¶ 2-3; Complaint ¶ 2.)

b.     Defendant is informed and believes and thereon alleges that at the time of the commencement of this action and at all times since, Plaintiff was, and continues to be, a citizen of the State of California.

529374.1

Notice of Removal of Civil Action

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

(Complaint, ¶ 1.)

c.   Although unidentified fictitious "Doe" Defendants are alleged in Plaintiff's Complaint, 28 U.S.C. § 1441(a) provides, in pertinent part, that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

d.   Because Plaintiff is a citizen of California, and Defendant is a citizen of Delaware and Missouri, complete diversity exists between Plaintiff and Defendant in this action.

e.   For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.  Specifically, the Complaint alleges that Plaintiff was terminated from her employment on or about May 16, 2017 (Exh. A, Complaint, ¶ 17).  Based on the allegations in the Complaint, Plaintiff seeks to recover loss of salary and benefits since her termination.  (*Id.*, ¶¶ 27, 36, 43, 55, 66, 73, 80, 87).   At the time of her termination, Plaintiff's salary was approximately $64,000. (Andersen Decl., ¶ 4).  Defendant estimates that Plaintiff will assert that her lost wages and other benefits to date are over $60,000 and by the time of trial in this action over $128,000.  Plaintiff further seeks to recover emotional distress damages, punitive damages, attorney's fees, and a $10,000 civil penalty (Complaint, ¶¶ 28, 29, 37, 38, 44, 45, 46, 56, 57, 67, 68, 74, 75, 76, 81, 82, 83, 88).  Each of these items must be considered when determining the amount in controversy.  In light of the allegations in the Complaint and the attached Declaration of Maggie Andersen, the amount in controversy herein is well in excess of $75,000, exclusive of interest and costs.

7.   This District Court has jurisdiction over all the parties, and its territorial jurisdiction embraces the place where the Superior Court Action is pending.

1      **WHEREFORE**, Defendant prays that the Superior Court Action be removed

2   from the Los Angeles County Superior Court to this District Court.

3

4   DATED: April 26, 2018                    BALLARD ROSENBERG GOLPER &
                                             SAVITT, LLP
5

6

7                                            By: _____

8                                            JONATHAN S. ROSENBERG

9                                            Attorneys for Defendant CENTENE
                                             CORPORATION
10

11

12      I certify under Fed. R. Civ. P. 11 that the foregoing is true and correct to the

13   best of my knowledge.

14

15                                           _____

16                                           Jonathan S. Rosenberg

17

18

19

20

21

22

23

24

25

26

27

28

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF NOTICE OF REMOVAL

### I.   INTRODUCTION

Plaintiff alleges eight causes of action in her Complaint: (1) discrimination; (2) failure to investigate and/or prevent discrimination; (3) retaliation; (4) failure to engage in the interactive process; (5) failure to accommodate; (6) interference with and failure to provide leave; (7) failure to accommodate and provide leave; and (8) wrongful termination. This case is properly removed to this District Court on the basis of diversity. There is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### II.   PLAINTIFF'S SUPERIOR COURT ACTION CAN BE REMOVED BASED ON DIVERSITY

Federal law confers upon district courts original jurisdiction in civil actions between citizens of different states in controversies which exceed the sum of $75,000, exclusive of interest and costs. (28 U.S.C. § 1332.) An action meeting the requirements of 28 U.S.C. § 1332 may be removed to a district court pursuant to 28 U.S.C. § 1441(b).

#### A.   There is Complete Diversity Between Plaintiff and Defendant

A corporation is considered a "citizen" for diversity purposes both of the state of its incorporation, and of the state where it has its principal place of business. (28 U.S.C. § 1332(c)(1).) Both at the commencement of this action and at the present time, Defendant was incorporated in the State of Delaware, and had its principal place of business in St. Louis, Missouri. (Andersen Decl., ¶¶ 2-3, Exh. A, Complaint, ¶ 2.)

In *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010), the Supreme Court held that a corporation's principal place of business for diversity purposes is the place where a corporation's officers direct, control and coordinate the corporation's activities. (*Id.* at 1192.) As explained in *Hertz*:

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD  EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

"And in practice it should normally be the place  where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." (*Id.*)

In *Hertz*, respondents, California citizens, sued petitioner Hertz Corporation in a California state court for alleged state law violations. Hertz removed the case to federal court under 28 U.S.C. §§ 1332(d)(2), 1441(a) based on diversity. Respondents argued that Hertz was a California citizen and diversity jurisdiction was lacking under § 1332(c)(1). To show that its principal place of business was in New Jersey, not California, Hertz submitted a declaration stating that it operated facilities in 44 States, that California accounted for only a portion of its business activity, that its leadership was at its corporate headquarters in New Jersey, and that its core executive and administrative functions were primarily carried out there. (*Id* at 1183.) The district court concluded that it lacked diversity jurisdiction because Hertz was a California citizen under prior Ninth Circuit precedent. Finding that California was Hertz's principal place of business because a plurality of the relevant business activity occurred there, the district court remanded the case to state court. The Ninth Circuit affirmed. (*Id.*)

The Supreme Court reversed. Applying the "nerve center test," the Supreme Court held that the petitioner's declaration adequately demonstrated that Hertz's center of direction, control and coordination, or its "nerve center" was located in New Jersey, not California. (*Id.* at 1195.)

///

///

///

529374.1

Notice of Removal of Civil Action

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

Here, Defendant is incorporated in Delaware. Defendant's corporate headquarters are located in St. Louis, Missouri, where its corporate officers direct, control, and coordinate the corporation's activities, and where Defendant's corporate records are maintained. (Andersen Decl., ¶¶ 2-3, Exh. A, Complaint, ¶ 2.) Thus, Defendant is a citizen of Delaware and Missouri, and there is complete diversity of citizenship.

### B.   The Amount in Controversy Exceeds $75,000

In addition to there being complete diversity of citizenship, the Complaint establishes that the amount in controversy exceeds $75,000, exclusive of costs and interest. In *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Circuit 1997), the Ninth Circuit discussed how to determine the amount in controversy where, as here, the Complaint does not allege a specific sum of damages for each plaintiff. The defendant's burden is met where it is "facially apparent from the complaint" that the amount in controversy exceeds $75,000, or where such facts are set forth in the removal papers. *Id.*, at 377; *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998).

The Complaint alleges that Plaintiff was terminated on May 16, 2017 (Exh. A, Complaint, ¶17). Plaintiff seeks to recover lost wages and other employment benefits since her termination. (*Id.*, ¶¶ 27, 36, 43, 55, 66, 73, 80, 87, Prayer ¶ 3.) At the time of her termination, Plaintiff's salary was approximately $64,000 per year, plus benefits (Andersen Decl., ¶ 4). Defendant estimates that Plaintiff will assert that her lost wages and other benefits to date are over $60,000 and by the time of trial in this action over $128,000.

Plaintiff further seeks to recover emotional distress damages, punitive damages, attorney's fees, and a $10,000 civil penalty (Exh. A, Complaint ¶¶ 28, 29, 37, 38, 44, 45, 46, 56, 57, 67, 68, 74, 75, 76, 81, 82, 83, 88, Prayer ¶¶ 4, 6, 8). Each of these items must be considered when determining whether the amount in controversy exceeds $75,000. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238,

240, 64 S.Ct. 5, 88 L.Ed. 15 (1943); *Goldberg v. CPC Int'l*, 678 F.2d 1365, 1367 (9th Cir. 1982). California law places no maximum dollar figure on the amount of such damages a successful plaintiff can recover. Courts have affirmed awards for emotional distress damages, punitive damages and attorney's fees in FEHA cases far in excess of $75,000. *See, e.g., Vo v. Las Virgenes Municipal Water Dist.*, 79 Cal.App.4th 440, 442, 94 Cal.Rptr.2d 143 (2002) (affirming $470,000 award of attorney's fees under FEHA); *Bihun v. AT&T Information Sys.*, 13 Cal.App.4th 976, 997, 16 Cal.Rptr.2d 787 (1993) ("The award of $662,000 for emotional distress [under FEHA] is well within the range of awards in similar cases."); *Stephens v. Coldwell Banker Commercial Group*, 199 Cal.App.3d 1394, 1402-05, 245 Cal.Rptr. 606 (1988) (affirming emotional distress damages of $100,000 and punitive damages of $200,000 in FEHA case).

   Based on the allegations in the Complaint, the nature of the relief requested by Plaintiff, and the information contained in the Declaration of Maggie Andersen, Defendant respectfully submits that the amount in controversy herein, exclusive of interest and costs, is well in excess of $75,000. Accordingly, this matter is properly removable based on diversity jurisdiction.

## III.   CONCLUSION

   For all the foregoing reasons, Defendant respectfully submits that Plaintiff's Superior Court Action is properly removable to this District Court.

DATED:  April 26, 2018           BALLARD ROSENBERG GOLPER &
                                 SAVITT, LLP

                                 By: _____
                                     JONATHAN S. ROSENBERG
                                     Attorneys for Defendant
                                     CENTENE CORPORATION

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

**DECLARATION OF MAGGIE ANDERSEN**

**DECLARATION OF MAGGIE ANDERSEN**
**IN SUPPORT OF NOTICE OF REMOVAL**

I, Maggie Andersen, declare as follows:

1.     I am employed as Senior Director, Human Resources Business Partner, with responsibility over the human resources functions for Defendant Centene Corporation's corporate departments ("Defendant").  This Declaration is made in support of Defendant's Notice of Removal of Civil Action. If called as a witness, I could and would competently testify to the following facts based on my own personal knowledge.

2.     At the time of the commencement of this action and at all times since, Defendant was, and continues to be, a corporation incorporated under the laws of the State of Delaware.

3.     Defendant's principal place of business, both at the present time, and at the time the Superior Court Action was filed, is St. Louis, Missouri.  St. Louis Missouri is where Defendant's corporate headquarters are located, where Defendant's corporate officers direct, control and coordinate the corporation's activities, and where Defendant's corporate records are maintained.

4.     As Senior Director, Human Resources Business Partner, I have access to the personnel and pay records of the employees of Centene Corporation and its subsidiaries.  Based on my review of Plaintiff Michelle Ramnarine's pay records, her salary at the time of her May 16, 2017 termination was $63,512.

I declare under penalty under the laws of the United States of America that the foregoing is true and correct. This Declaration is executed on April 26, 2018, at St. Louis, Missouri.

MAGGIE ANDERSEN, Declarant

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

529864.1

**EXHIBIT A**

# COPY

**BY FAX**

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 29 2018

Sherri R. Carter, Executive Officer/Clerk

By: _____, Deputy

Moses Soto

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CENTENE, a Delaware Corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHELLE RAMNARINE, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk<br>111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER<br>*(Número del Caso):*<br>BC 700074 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Grant J. Savoy & Shoham Solouki, Esq; 316 W. 2nd St., Ste 1200., Los Angeles, CA 90012; (213)814-4940

DATE: March 25, 2018    MAR 29 2018    Clerk, by _____, Deputy
*(Fecha)*    SHERRI R. CARTER    *(Secretaria)*    M. Soto    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* **Centene, a Delaware Corporation**

   under: [X] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# COPY

1 | Grant Joseph Savoy, Esq.(SBN: 284077)
Shoham J. Solouki, Esq.(SBN: 278538)
2 | **SOLOUKI | SAVOY, LLP**
316 W. 2nd Street, Suite 1200
3 | Los Angeles, California 90012
Telephone: (213)814-4940
4 | Facsimile: (213)814-2550

5 | *Attorneys for Plaintiff*
*Michelle Ramnarine*

6 |

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

MAR 29 2018

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Moses Soto

**BY FAX**

**SOLOUKI | SAVOY, LLP**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| MICHELLE RAMNARINE, an individual, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES FROM: |
| vs. | 1. **DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ** |
| | 2. **FAILURE TO INVESTIGATE AND/OR PREVENT DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 (j) AND (k)** |
| CENTENE CORPORATION, a Delaware corporation; and DOES 1 through 10, inclusive, | 3. **RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ AND LABOR CODE § 1102.5** |
| Defendant. | 4. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ** |
| | 5. **FAILURE TO ACCOMMODATE IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ** |
| | 6. **INTERFERENCE WITH AND FAILURE TO PROVIDE LEAVE IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12945.2 ET SEQ.** |
| | 7. **FAILURE TO ACCOMMODATE AND PROVIDE LEAVE IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ.** |
| | 8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |
| | ***JURY TRIAL DEMANDED*** |

Plaintiff, MICHELLE RAMNARINE, hereby brings her complaint against the above-named Defendant and states and alleges as follows:

1

## PRELIMINARY ALLEGATIONS

1.     Plaintiff is a female, and was at all times material herein, a resident of the County of Los Angeles, State of California. Plaintiff was employed by certain Defendants in the County of Los Angeles. Plaintiff was, at all times material herein, an "employee," as defined by California Government Code § 12926(c), part of the Fair Employment and Housing Act ("FEHA", Government Code Sections 12900 et seq.)

2.     Plaintiff is informed and believes and based thereon alleges that at all times relevant herein. Defendant CENTENE INC., was and is a Delaware Corporation. Plaintiff is informed and believes that Defendant CENTENE, INC., is an "employer" as defined by California Government Code Sections 12926(d), 12940(a), and 12940(j)(4)(a).

3.     The true names and capacities, whether corporate, associate, individual, or otherwise, of Defendant DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Each of the Defendants designated herein as DOE is negligently, intentionally, or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to the Plaintiff, as herein alleged. Plaintiff will ask leave of Court to amend the Complaint to show their names and capacities when the same have been ascertained.

4.     At all times relevant herein, each Defendant designated herein, including DOES 1 through 50, was the agent, partner, joint venture, representative, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each Defendant designated herein.

5.     The action is brought pursuant to the California Fair Employment Practices Act, Government Code § 12900 et seq., and the corresponding regulations of the California Fair Employment and Housing Commission.

6.     Defendant hired Plaintiff as a Project Coordinator in or around August 2004.

7.     During the course of said employment, Plaintiff performed her job duties as a

SOLOUKI | SAVOY, LLP

2

1   Project Coordinator, and later, as a Business Analyst, for Defendants in a competent and

2   efficient manner and acted within Defendant's rules and policies. In general, Plaintiff

3   performed her duties as an exemplary employee.

4         8.    Plaintiff has had a series of complications related to her medical condition.

5   First, Plaintiff was diagnosed with thyroid cancer in or around January 2013. As a result, she

6   took some time off from working for Defendants.

7         9.    In or around July, 2016, Plaintiffs condition worsened and she suffered from

8   hyper thyroid status and severe weight loss which caused her to be extremely weak and

9   nauseous. She also suffered from depression as a result of her illness.

10       10.    Shortly thereafter, Plaintiff had advanced complications with her condition

11   around December, 2016. She again was forced to take some time off from working for

12   Defendants as a Business Analyst.

13       11.    Defendant was notified of all of Plaintiff's medical issues and any leaves she

14   was required to take as a result of said issues. Whenever Plaintiff needed to go to the

15   emergency room or to see her other doctor's, she informed Defendant of the same through

16   multiple channels of communication.

17       12.    Plaintiff applied for medical leave and was entitled to a medical leave under the

18   California Family Rights Act ("CFRA") and Family and Medical Leave Act ("FMLA") to

19   gain treatment for her hyper thyroid status.

20       13.    Defendant made the decision to terminate Plaintiff in February of 2017 and

21   asked her to return her laptop. They did so within the period of Plaintiff's protected leave.

22       14.    Throughout her employment, Plaintiff requested that Defendant approve her

23   medical leave and to provide her with reasonable accommodations so that she could return to

24   work.

25       15.    The last such request by Plaintiff for Defendant to approve her medical leave

26   and/or provide her with a reasonable accommodation to return to work in June was in or

27   around May 5, 2017.

28       16.    However, Defendant denied many of Plaintiffs medical leave requests,

SOLOUKI | SAVOY, LLP

3

1   including her final request.

2        17.   Plaintiff was notified that she was terminated on or around May 16, 2017.

3        18.   Further, Plaintiff did not receive notice of the denial of the protected leave until

4   in or around May 18, 2017.

5        19.   Plaintiff alleges that she was discriminated against due to her medical

6   condition, disability and/or, perceived disability.

7        20.   Further, Plaintiff alleges that she was retaliated against for asserting her right to

8   take a leave of absence due to her medical condition, disability and/or perceived disability.

9        21.   Further, Plaintiff alleges that she requested that Defendant engage in the

10   interactive process and to provide her with a reasonable accommodation, and was denied such

11   processes due to her medical condition, disability and/or perceived disability. Finally,

12   Plaintiff alleges that she was terminated due to her medical condition, disability and/or

13   perceived disability.

14        22.   Plaintiff has suffered damages as a result of Defendants actions and/or inaction.

15        23.   Plaintiff has properly exhausted her administrative remedies as required by law

16   by filing a complaint against Defendant with the Department of Fair Employment and

17   Housing on October 19, 2017, and receiving an immediate "Right-to-Sue" Notice from said

18   department on the same day. Please see a true and correct copy of the Right to Sue letter

19   attached hereto as Exhibit "A". Thus, Plaintiff has exhausted all administrative remedies.

20                  **FIRST CAUSE OF ACTION**

21   **DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §**

22                        **12940 ET SEQ**

23                  **(Against All Defendants)**

24        24.   Plaintiff realleges and incorporates herein all paragraphs of her complaint as though

25   fully set forth.

26        25.   At all times herein mentioned. California Government Code § 12940 et seq. were in

27   full force and effect and were binding on Defendant. Under the Fair Employment and Housing Act

28   ("FEHA"). Government Code section 12940 et. seq., it is an unlawful employment practice for an

SOLOUKI | SAVOY, LLP

4

employer because of the age, disability, perceived disability, medical condition and/or perceived medical condition of a person, to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. It is unlawful under the Fair Employment and Housing Act ("FEHA") Government Code section 12940 et seq., because of an employee's disability, perceived disability, medical condition and/or perceived medical condition, to harass an employee.

26. As a direct, legal, and proximate result of Plaintiffs age, disability, perceived disability, medical condition and/or perceived medical condition, Defendant discriminated against Plaintiff in the compensation, terms, conditions, and privileges of employment and terminated Plaintiffs employment.

27. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

28. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorney's fees and costs under California Government Code § 12965(b).

29. The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of the Plaintiff. Defendant and its agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against the Defendant.

SOLOUKI | SAVOY, LLP

5

1

## SECOND CAUSE OF ACTION

## FAILURE TO INVESTIGATE AND/OR PREVENT DISCRMINATION IN VIOLATION

## OF CALIFORNIA GOVERNMENT CODE § 12940 (i) AND (k)

### (Against All Defendants)

30.   Plaintiff realleges and incorporates herein all paragraphs of her complaint as though fully set forth.

31.   In violation of Cal. Gov. Code section 12940(j) and (k), Defendants and each of them, and/or their agents/employees, failed to take all reasonable steps necessary to prevent discrimination on the basis of disability, perceived disability, medical condition and/or perceived medical condition from occurring, and to remedy such discrimination.

32.   Defendants and the agents thereof, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of it.

33.   Plaintiff has incurred, and continues to incur, legal expenses and attorneys' fees and will seek reimbursement of her attorneys' fees pursuant to California Gov. Code section 12965(b).

## THIRD CAUSE OF ACTION

## RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE

## § 12940 ET SEQ. AND LABOR CODE § 1102.5

### (Against All Defendants)

34.   Plaintiff realleges and incorporates herein all paragraphs of her complaint as though fully set forth.

35.   At all relevant times herein and in violation of Cal. Gov. Code § 12940 et seq., Defendants and each of them, and/or their agents/employees, retaliated against Plaintiff by adversely affecting Plaintiffs employment after she notified Defendants of her need to take leave for her medical condition and/or disability. Defendants' conduct as alleged above constituted

SOLOUKI | SAVOY, LLP

6

1   unlawful retaliation in employment on account of Plaintiff protected activity in violation of

2   California Government Code § 12940(h) and § 12945.2 (1).

3       36.    As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered

4   actual, consequential and incidental financial losses, including without limitation, loss of salary

5   and benefits, and the intangible loss of employment related opportunities in her field and damage

6   to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims

7   such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision

8   of law providing for prejudgment interest.

9       37.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced

10  to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to

11  incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorney's

12  fees and costs under California Government Code § 12965(b).

13      38.    The acts taken toward Plaintiff were carried out by Defendant's officers, directors,

14  and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

15  egregious, and inexcusable manner and in conscious disregard for the rights and safety of the

16  Plaintiff. Defendant and its agents/employees or supervisors, authorized, condoned and ratified the

17  unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages

18  against the Defendant.

19      39.    At all times mentioned, the public policy of the State of California, as codified,

20  expressed and mandated in Lab. Code section 1102.5, et. seq., is to prohibit employers from: (1)

21  implementing policies preventing employees from disclosing reasonably based suspicions of

22  violations of state or federal statutes; (2) retaliating against employees who have disclosed, or who

23  the employer fears may disclose, reasonably based suspicions of violations to their superiors or to

24  outside agencies, and (3) retaliating against employees who refuse to participate in activities that

25  would result in violations of state or federal statutes. This public policy of the State of California is

26  designed to protect all employees and to promote the welfare and well-being of the community at

27  large.

28

7

Case No.:                                           COMPLAINT FOR DAMAGES

40.     At all times mentioned the public policy of the State of California, as codified, expressed and mandated in Lab. Code sections 96(k) and 98.6, is to prohibit employers from disciplining, discharging, or discriminating against because the employee: (1) engaged in lawful off duty conduct; (2) filed a bona fide complaint or claim; (3) instituted any proceeding relating to their rights under the jurisdiction of the Labor Commissioner; (4) testified or participated in any proceeding before the Labor Commissioner; or (5) exercised any other rights afforded the employee. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

41.     As a direct, legal, and proximate result of Plaintiff's lawful conduct, and Plaintiff's complaints about Defendants acts and omissions that were in violation of the various California orders, codes, and regulations; Defendants retaliated against Plaintiff and terminated Plaintiff's employment.  Specifically, Plaintiff's employment was terminated because she attempted to exercise and assert her legal labor and employment rights afforded to her by the various codes, regulations, and orders of this State.

42.     Accordingly, the actions of Defendants, as described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in Lab. Code section 1102.5, et. seq., and sections 96(k), 98.6, and the laws and regulations promulgated thereunder.

43.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code sections 3287, 3288 and/or any other provision of law providing for prejudgment interest.

44.     As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said emotional

8

SOLOUKI | SAVOY, LLP

1  suffering for a period in the future not presently ascertainable, all in an amount subject to proof at

2  the time of trial.

3      45.    The acts taken toward Plaintiff were carried out by Defendants' officers, directors,

4  and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

5  egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.

6  Defendants and their agents/employees or supervisors, authorized, condoned and ratified the

7  unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages

8  against each Defendant.

9      46.    Plaintiff will also seek a $10,000 civil penalty pursuant to Lab. Code section

10  1102.5(f).

11                    **FOURTH CAUSE OF ACTION**

12    **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF**

13          **CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ**

14            **(Against Defendant CENTENE, INC.; Does 1-50)**

15      47.    Plaintiff realleges and incorporates herein all paragraphs of her complaint as though

16  fully set forth.

17      48.    At all times mentioned herein, California Government Code Section 12945. Et seq.,

18  were in full force and effect and were binding upon Defendants and each of them. These sections

19  impose a duty to engage in the interactive process concerning medical conditions and/or

20  disabilities.

21      49.    In or around January, 2013, Plaintiff was diagnosed with thyroid cancer which

22  caused her to be hospitalized and forced her to take a leave of absence from work. In or around

23  December 2016, Plaintiff suffered from hyper thyroid status as a result of her illness, which forced

24  her to take a leave of absence from work. Throughout her leave, Plaintiff kept Defendant informed

25  of her medical condition and the status of her recovery. Further, Plaintiff requested that Defendant

26  engage in a good faith interactive process with her and to provide her with a reasonable

27  accommodation so that she could return to work.

28

SOLOUKI | SAVOY, LLP

9

50.    The last such request by Plaintiff for Defendant to engage in the interactive process and/or provide her with a reasonable accommodation was made in May 2017.

51.    At no time did Defendant engage in the interactive process and/or provide any accommodation to Plaintiff.

52.    Defendant made the decision to terminate Plaintiff in February of 2017 and asked that she return her work laptop.

53.    Finally, on May 16, 2017 Plaintiff was informed that she formally terminated as an employee of Defendant. Plaintiff alleges that she was discriminated against due to her medical condition, disability and/or, perceived disability.

54.    Instead of engaging in the interactive process and/or accommodating Plaintiffs needs related to her medical condition and/or disability, Defendant denied any process and/or accommodation and was finally terminated.

55.    As a proximate result of the aforesaid acts of Defendants. Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefit, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

56.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

57.    The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and its agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

10

Case No.:                                                    **COMPLAINT FOR DAMAGES**

SOLOUKI | SAVOY, LLP

### FIFTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF CALIFORNIA GOVERNMENT

### CODE § 12940 ET SEQ

#### (Against All Defendants)

58.     Plaintiff realleges and incorporates herein all paragraphs of her complaint as though fully set forth.

59.     At all times mentioned herein, California Government Code Section 12945. Et seq., were in full force and effect and were binding upon Defendants and each of them. These sections impose a duty to provide reasonable accommodations for medical conditions and/or disabilities.

60.     In or around January, 2013, Plaintiff was diagnosed with thyroid cancer which caused her to be hospitalized and forced her to take a leave of absence from work. In or around December 2016, Plaintiff suffered from hyper thyroid status as a result of her illness, which forced her to take a leave of absence from work. Throughout her leave, Plaintiff kept Defendant informed of her medical condition and the status of her recovery. Further, Plaintiff requested that Defendant engage in a good faith interactive process with her and to provide her with a reasonable accommodation so that she could return to work.

61.     The last such request by Plaintiff for Defendant to engage in the interactive process and/or provide her with a reasonable accommodation was made in May 2017.

62.     At no time did Defendant engage in the interactive process and/or provide any accommodation to Plaintiff.

63.     Defendant made the decision to terminate Plaintiff in February of 2017 and asked that she return her work laptop.

64.     Finally, on May 16, 2017 Plaintiff was formally informed that she was terminated as an employee of Defendant. Plaintiff alleges that she was discriminated against due to her medical condition, disability and/or, perceived disability.

65.     Instead of engaging in the interactive process and/or accommodating Plaintiffs needs related to her medical condition and/or disability, Defendant denied any process and/or accommodation and was finally terminated.

11

Case No.:                                                                   **COMPLAINT FOR DAMAGES**

66.     As a proximate result of the aforesaid acts of Defendants. Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefit, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

67.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

68.     The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and its agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

## SIXTH CAUSE OF ACTION

### INTERFERENCE WITH AND FAILURE TO PROVIDE LEAVE IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ

**(Against All Defendants)**

69.     Plaintiff realleges and incorporates herein all paragraphs of her complaint as though fully set forth.

70.     At all times relevant herein, Defendant Employer employed more than 50 persons within 75 miles of the worksite where Plaintiff was employed.

71.     Plaintiff was entitled to 12 weeks of leave related to her health condition, cancer treatment or required overnight stays in hospitals. Plaintiff was not afforded any such leave. Plaintiff had more than 12 months of service with Defendant Employer and over 1250 hours of

SOLOUKI | SAVOY, LLP

12

1  service with Defendant Employer during the previous 12 month period. Plaintiff was entitled to

2  leave pursuant to California Government Code § 12945.2 et seq.

3      72.   Defendant Employer's interference with and failure to provide Plaintiff with leave

4  as described in this Complaint violates the California Fair Employment and Housing Act as

5  promulgated in Government Code § 12945.2 et seq. and other state and federal statutes which

6  mandate family and medical leave.

7      73.   As a proximate result of the aforesaid acts of Defendants, and each of them,

8  Plaintiff has suffered actual, consequential, and incidental financial losses, including without

9  limitation, loss of salary and benefits, and the intangible loss of employment related opportunities

10 in her field and damage to her professional reputation, all in an amount subject to proof at the time

11 of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

12 and/or any other provision of law providing for prejudgment interest.

13     74.   As a proximate result of the wrongful acts of Defendants, and each of them,

14 Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

15 embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and

16 believes and thereupon alleges that she will continue to experience said physical and emotional

17 suffering for a period in the future not presently ascertainable, all in an amount subject to proof at

18 the time of trial.

19     75.   As a proximate result of the wrongful acts of Defendants, and each of them,

20 Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is

21 expected to continue to incur attorneys· fees and costs in connection therewith. Plaintiff is entitled

22 to recover attorneys' fees and costs under California Government Code § 12965(b).

23     76.   The acts taken toward Plaintiff were carried out by Defendants· officers, directors,

24 and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

25 egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.

26 Defendants, and each of them, and their agents/employees or supervisors, authorized, condoned

27 and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of

28 punitive damages against each of said Defendants.

SOLOUKI | SAVOY, LLP

13

**SEVENTH CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE AND PROVIDE LEAVE IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ.**

**(Against Defendant CENTENE, INC. and Does 1-50)**

77.     Plaintiff realleges and incorporates herein all paragraphs of her complaint as though fully set forth.

78.     At all times mentioned herein, California Government Code Section 12940 et seq. were in full force and effect and were binding upon Defendants and each of them. These sections impose on an employer a duty to allow an employee disabled by a serious health condition, or chronic health condition that causes incapacitation that results in, and requires, overnight hospital stays. These sections also impose a duty to provide reasonable accommodations for conditions related to the medical condition.

79.     Plaintiff required a leave of absence related to her medical condition and also asked to be covered by her health insurance and for job protection. Instead of accommodating her request, Defendants terminated Plaintiff's employment.

80.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

81.     As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

82.     As a proximate result of the wrongful acts of Defendants. Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to

14

Case No.:                                                                                    **COMPLAINT FOR DAMAGES**

1  incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys'

2  fees and costs under California Government Code § 12965(b).

3      83.    The acts taken toward Plaintiff were carried out by Defendants' officers, directors,

4  and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

5  egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.

6  Defendants and their agents/employees or supervisors, authorized, condoned and ratified the

7  unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages

8  against Defendants.

9  **EIGHTH CAUSE OF ACTION**

10  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

11  **(Against Defendant CENTENE, INC.; Does 1-50)**

12      84.    Plaintiff realleges and incorporates herein all paragraphs of her complaint as though

13  fully set forth.

14      85.    At all times mentioned. the public policy of the State of California, as codified,

15  expressed and mandated in California Government Code § 12940, is to prohibit employers from

16  discriminating, harassing and retaliating against any individual on the basis of disability, perceived

17  disability, medical condition and/or perceived medical condition. The public policy of the State of

18  California is designed to protect all employees and to promote the welfare and well-being of the

19  community at large. Accordingly, the actions of Defendants in disciplining and then firing Plaintiff

20  while she was on protected leave as alleged and described herein was wrongful and in

21  contravention of the express public policy of the State of

22      86.    California, to wit, the policy set forth in California Government Code § 12940 et

23  seq., California Labor Code § 1102.5 and the laws and regulations promulgated thereunder.

24      87.    As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered

25  actual, consequential and incidental financial losses, including without limitation, loss of salary

26  and benefits, and the intangible loss of employment related opportunities in her field and damage

27  to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims

28

SOLOUKI | SAVOY, LLP

15

1   such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision
2   of law providing for prejudgment interest.
3        88.    The acts taken toward Plaintiff were carried out by Defendant's officers, directors,
4   and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,
5   egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff,
6   thereby justifying an award of punitive damages in a sum appropriate to punish and make an
7   example of Defendants.

26   ///
27   ///
28   ///

16

SOLOUKI | SAVOY, LLP

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages, according to proof;

2. For special damages, according to proof;

3. For loss of earnings, according to proof;

4. For attorneys' fees, according to proof;

5. For prejudgment interest, according to proof;

6. For punitive and exemplary damages, according to proof;

7. For injunctive relief, including returning Plaintiff to her original position and providing training to all employees on their rights under the CFRA, and FMLA;

8. For penalties allowed by the California Labor Code;

9. For costs of suit incurred herein; and

10. For such other relief and the Court may deem just and proper.

Dated: March 25, 2018

SOLOUKI | SAVOY, LLP

BY: Shoham J. Solouki, Esq.
Attorney for Plaintiff

///
///
///

17

Case No.:

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff Michelle Ramnarine hereby demands a jury trial.

Dated: March 25, 2018

SOLOUKI | SAVOY, LLP

BY: Shoham J. Solouki, Esq.
Attorney for Plaintiff

18

Case No.:

COMPLAINT FOR DAMAGES

**EXHIBIT "A"**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                          GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                     DIRECTOR KEVIN KISH

2218 Kausan Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

October 19, 2017

Michelle Ramnarine
316 W 2nd Street
Los Angeles, California 90012

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 967312-319435
Right to Sue: Ramnarine / Centene

Dear Michelle Ramnarine,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 19, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

# COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>—Grant Joseph Savoy, Esq (SBN 284077); Shoham J. Solouki, Esq (SBN 278538)<br>SOLOUKI | SAVOY, LLP<br>316 W. 2nd Street, Suite 1200<br>Los Angeles, CA 90012<br>TELEPHONE NO.: (213) 814-4940   FAX NO.: (213) 814-2550<br>ATTORNEY FOR *(Name):* Plaintiffs - Michelle Ramnarine | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAR 29 2018<br><br>Sherri R. Carter, ~~Executive Officer/Clerk~~<br>By: _____, Deputy<br>Moses Soto |

**BY FAX**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

| CASE NAME:<br>Ramnarine v. Centene, Inc. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>BC 700074 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [✓] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

**2.** This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

  a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
**4.** Number of causes of action *(specify):* Eight (8)
**5.** This case [ ] is [✓] is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 25, 2018

Shoham Joseph Solouki Esq.
_____     _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice— Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

# COPY

| SHORT TITLE: Ramnarine v.Centene Corporation, et al | CASE NUMBER | BC 7 0 0 0 7 4 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**BY FAX**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: | Ramnarine v.Centene Corporation, et al | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons -See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Ramnarine v.Centene Corporation, et al | | CASE NUMBER | |
|---|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6008  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Ramnarine v.Centene Corporation, et al | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☒ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: | STATE: CA | ZIP CODE: |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: March 25, 2018

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE - IC**

Case Number _____     **BC 7 0 0 0 7 4**

<u>THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT</u>

Your case is assigned for all purposes to the judicial officer indicated below.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Howard L. Halm | 53 | 513 |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Holly J. Fujie | 56 | 514 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. John P. Doyle | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 |
| Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 |
| Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Monica Bachner | 71 | 729 |
| ✕ Hon. David S. Cunningham | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Michelle Williams Court | 74 | 735 |
| Hon. David Sotelo | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | |
| Hon. Frederick C. Shaller | 46 | 500 | | | | |
| Hon. Randolph Hammock | 47 | 507 | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____
(Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____, Deputy Clerk

LACIV 190 (Rev 12/17)     **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional)     FAX NO. (Optional)
ATTORNEY FOR (Name)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i.  File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii.  Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i.  Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):     FAX NO (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS

PLAINTIFF

DEFENDANT.

| STIPULATION — EARLY ORGANIZATIONAL MEETING | CASE NUMBER |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                  (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                   ➤ _____
         (TYPE OR PRINT NAME)                                         (ATTORNEY FOR PLAINTIFF)
Date:

_____                   ➤ _____
         (TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)
Date:

_____                   ➤ _____
         (TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)
Date:

_____                   ➤ _____
         (TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)
Date:

_____                   ➤ _____
         (TYPE OR PRINT NAME)                                         (ATTORNEY FOR _____ )
Date:

_____                   ➤ _____
         (TYPE OR PRINT NAME)                                         (ATTORNEY FOR _____ )
Date:

_____                   ➤ _____
         (TYPE OR PRINT NAME)                                         (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional). <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name) | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS

PLAINTIFF.

DEFENDANT

| INFORMAL DISCOVERY CONFERENCE <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

---

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.<br>E-MAIL ADDRESS (Optional)<br>ATTORNEY FOR (Name) | FAX NO. (Optional) | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS

PLAINTIFF

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.**

  - **Mediation may not be effective when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.**

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from Independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

 CT Corporation

**Service of Process Transmittal**
03/30/2018
CT Log Number 533067480

TO: Kathy Choma
Centene Corporation
7700 Forsyth Blvd
Saint Louis, MO 63105-

RE: **Process Served in California**

FOR: Centene Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MICHELLE RAMNARINE, etc., Pltf. vs. CENTENE CORPORATION, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Stipulation(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA<br>Case # BC700074 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/30/2018 at 14:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Grant Joseph Savoy<br>SOLOUKI I SAVOY, LLP<br>316 W. 2 Street, Suite 1200<br>Los Angeles, CA 90012<br>213-814-4940 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/02/2018, Expected Purge Date: 04/07/2018<br><br>Image SOP<br><br>Email Notification,  Derek Munro  dmunro@centene.com<br><br>Email Notification,  Kathy Choma  kchoma@centene.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / CM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT B**

1  LINDA MILLER SAVITT, SBN 94164
   lsavitt@brgslaw.com
2  JONATHAN S. ROSENBERG, SBN 134099
   jrosenberg@brgslaw.com
3  BALLARD ROSENBERG GOLPER & SAVITT, LLP
   15760 Ventura Boulevard, Eighteenth Floor
4  Encino, California 91436
   Telephone:    (818) 508-3700
5  Facsimile:    (818) 506-4827

6  Attorneys for Defendant CENTENE
   CORPORATION
7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 25 2018

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

| | |
|---|---|
| 11  MICHELLE RAMNARINE, an individual, | Case No. BC700074 |
| 12       Plaintiff, | Judge:   David S. Cunningham |
| 13   vs. | Dept:    37 |
| 14  CENTENE CORPORATION, a Delaware corporation; and DOES 1 through 10, | **DEFENDANT CENTENE CORPORATION'S ANSWER TO COMPLAINT FOR DAMAGES** |
| 15  inclusive, | |
| 16       Defendants. | Action Filed:    March 29, 2018 |
| | Trial Date:      None Set |

17

18

19      Defendant CENTENE CORPORATION ("Defendant"), for itself and no other Defendants,

20  hereby responds to the unverified Complaint ("Complaint") filed by Plaintiff MICHELLE

21  RAMNARINE ("Plaintiff"), as follows:

22                            **GENERAL DENIAL**

23      1.     Pursuant to the provisions of Code of Civil Procedure Section 431.30, Defendant

24  denies generally and specifically, each and every material allegation contained in the unverified

25  Complaint, and each and every purported cause of action set forth therein and the whole thereof.

26  Defendant further specifically denies that Plaintiff has been damaged in any sum therein alleged, or

27  at all, and that Plaintiff is entitled to the relief sought in his Complaint, or to any other relief.

28  ///

529304.1

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### [Failure to State Facts]

2.     The Complaint fails to state facts sufficient to constitute a cause of action or claim upon which relief can be granted against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

### [Good Faith Legitimate, Non-Discriminatory/Retaliatory Reasons]

3.     All actions taken by Defendant with respect to Plaintiff, if any, were taken in good faith for legitimate, non-discriminatory/retaliatory reasons without any intent to discriminate, retaliate, or commit any other act against Plaintiff in any manner prohibited by the California Fair Employment and Housing Act, California Government Code Sections 12900, et seq. ("the FEHA"), or any other law or public policy.

### THIRD AFFIRMATIVE DEFENSE

### [Failure to Exhaust Administrative Remedy]

4.     Defendant is informed and believes the Complaint is barred, in whole or in part, by Plaintiff's failure to comply with or exhaust her prerequisite administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

### [Statute of Limitations]

5.     Defendant is informed and believes the Complaint may be barred, in whole or in part, by the applicable statutes of limitations, including but not limited to Government Code Section 12965.

### FIFTH AFFIRMATIVE DEFENSE

### [Workers' Compensation Act Preemption/Exclusive Remedy]

6.     To the extent that the Complaint alleges emotional and/or physical injury, recovery is barred on the ground that the California Workers' Compensation Act, Cal. Labor Code § 3200, et seq., provides the exclusive remedy for such injuries.

///

///

529304.1

2

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

### SIXTH AFFIRMATIVE DEFENSE

### [Failure to Mitigate]

7.     Any recovery on the Complaint is barred by Plaintiff's failure to mitigate her damages.

### SEVENTH AFFIRMATIVE DEFENSE

### [Laches]

8.     Any recovery on the Complaint is barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

### [Contributory Fault]

9.     Any recovery on the Complaint is barred by Plaintiff's own contributory and/or comparative fault and if Plaintiff recovers any sum or sums whatsoever herein, such amount(s) should and must be reduced in proportion to the extent of Plaintiff's own conduct which proximately caused in whole or in part, Plaintiff's claimed injuries and damages..

### NINTH AFFIRMATIVE DEFENSE

### [Punitive Damages Unconstitutional]

10.     Plaintiff is not entitled to recover punitive damages as an award of punitive damages would violate Defendant's rights under the Constitutions of the United States and the State of California, including their rights to procedural and substantive due process, and protection from excessive fines.

### TENTH AFFIRMATIVE DEFENSE

### [Estoppel]

11.     Plaintiff is estopped by her conduct from recovering any relief under the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

### [Waiver]

12.     Any recovery on the Complaint is barred by the doctrine of waiver.

///

///

///

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## TWELFTH AFFIRMATIVE DEFENSE

### [No Malice, Oppression, or Fraud]

13.     Any acts, or omissions to act, by Defendant was not the result of oppression, fraud or malice as such terms are defined by Cal. Civil Code § 3294.

## THIRTEENTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

14.     Any recovery on the Complaint is barred, in whole or in part, by Plaintiff's unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### [No Discrimination/Retaliation]

15.     Defendant did not discriminate or retaliate against Plaintiff on any unlawful basis, and any and all decisions that may have been made by Defendant regarding Plaintiff's employment were made in good faith based upon reasonable factors.

## FIFTEENTH AFFIRMATIVE DEFENSE

### [Reasonable Accommodation]

16.     Defendant is informed and believes that reasonable steps were taken to accommodate Plaintiff's purported disability.

## SIXTEENTH AFFIRMATIVE DEFENSE

### [Not Disabled]

17.     Defendant is informed and believes that Plaintiff was not a disabled individual at any time relevant to this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### [Unable to Perform Essential Functions]

18.     Plaintiff was unable to perform the essential functions of her job with or without reasonable accommodation.

///

///

///

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## EIGHTEENTH AFFIRMATIVE DEFENSE

### [Percentage of Fault]

19.     Liability for the amount of non-economic damages, if any, should be allocated to Defendant in direct proportion to its percentage of fault, if any, pursuant to Civil Code § 1431 et. seq.

## NINETEENTH AFFIRMATIVE DEFENSE

### [Allege Other Affirmative Defenses]

20.     Defendant reserves its right to allege other affirmative defenses as they may arise during the course of discovery.

## TWENTIETH AFFIRMATIVE DEFENSE

### [Damages Caused by Plaintiff's Own Conduct]

21.     Damages, if any, sustained by Plaintiff were solely and proximately caused by her own negligent, reckless, or intentional conduct.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### [Justification]

22.     Without admitting that Defendant engaged in the conduct alleged in this lawsuit, Defendant contends that its conduct was at all times justified, privileged, and undertaken in good its faith and without any intent to injure Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### [No Impermissible Factors]

23.     Defendant denies that Plaintiff's disability, or any other impermissible factor played any role in the employment decisions relating to Plaintiff.  Alternatively, even if some impermissible motive had been a factor in any of those decisions, the same decisions would have been reached for legitimate, non-discriminatory reasons.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### [Wrong Defendant]

24.     Plaintiff was not employed by this answering Defendant

///

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**[After Acquired Evidence]**

25.     Defendant alleges that this action may be barred and/or Defendant's liability may be limited by after acquired evidence of Plaintiff's conduct or misconduct.

WHEREFORE, Defendant CENTENE CORPORATION prays that:

1.     Plaintiff take nothing by way of her Complaint;

2.     That judgment be in favor of Defendant;

3.     That Defendant recover its costs of suit incurred herein;

4.     That Defendant be awarded attorneys' fees incurred herein; and

5.     For such other and further relief as the court deems just and proper.

DATED:  April 25, 2018                    BALLARD ROSENBERG GOLPER & SAVITT,  LLP

By:  _____
     JONATHAN S. ROSENBERG
     Attorneys for Defendant CENTENE CORPORATION

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 15760 Ventura Boulevard, Eighteenth Floor, Encino, CA 91436.

On April 25, 2018, I served true copies of the following document(s) described as **DEFENDANT CENTENE CORPORATION'S ANSWER TO COMPLAINT FOR DAMAGES** on the interested parties in this action as follows:

Grant Joseph Savoy, Esq.
Shoham J. Solouki, Esq.
SOLOUKI | SAVOY, LLP
316 W. 2nd Street, Suite 1200
Los Angeles, CA  90012
Tel: (213) 814-4940
Fax; (213) 814-2550

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List.  I am "readily familiar" with Ballard Rosenberg Golper & Savitt, LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at , on that same day following ordinary business practices.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  By electronic mail transmission from kthomson@brgslaw.com on April 25, 2018, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es).  The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

☐ **BY FEDEX:**  I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 25, 2018, at Encino, California.

_Karen J. Thomson_
Karen J. Thomson

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

1

## PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 15760 Ventura Boulevard, Eighteenth Floor, Encino, CA 91436.

4

5

On April 27, 2018, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF CIVIL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MAGGIE ANDERSEN** on the interested parties in this action as follows:

6

7

Grant Joseph Savoy, Esq.
Shoham J. Solouki, Esq.
SOLOUKI | SAVOY, LLP
316 W. 2nd Street, Suite 1200
Los Angeles, CA 90012
Tel: (213) 814-4940
Fax; (213) 814-2550

8

9

10

11

12

13

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List. I am "readily familiar" with Ballard Rosenberg Golper & Savitt, LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at , on that same day following ordinary business practices.

14

15

16

17

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

18

19

Executed on April 27, 2018, at Encino, California.

20

21

22

_Karen J. Thomson_
Karen J. Thomson

23

24

25

26

27

28

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

529374.1

10